Judge Ewing
delivered the Opinion of the Court.
On the 2d of February, 1826, John Frazer executed his note to Daniel Frazer, for ninety five dollars, payable on the 25th December next thereafter. The note was afterwards assigned by Daniel Frazer to S. H. Johnson, and assigned by him to Edwards. As assignee, Edwards afterwards brought suit on the note, and recovered judgment for the amount and interest and costs.
John Frazer filed his bill in chancery, enjoining the judgment, and alleging that the-note was executed by him, many years before, without consideration, at the instance, and upon the pressing solicitation, of Daniel Frazer, with a view to enable him to pledge the same for the loan of money, which he was desirous of raising £or a particular purpose; that he faithfully promised to take up the note and redeliver it to him, before it became due,-and relieve him from all liability or trouble on account of it; that Daniel Frazer did pledge and assign the note to one Taylor, as a security for money obtained from him, and afterwards, in fulfilment of his promise, did redeem the note and take it up from Taylor, and that, in a short time thereafter, he applied to Daniel Frazier for the note, and he falsely and fraudulently alleged that he had burnt or destroyed it; that he, confiding in the representations of Daniel Frazer, made no further efforts to obtain it, nor never heard of it afterwards, until in 1835, when he was informed that Frazer had assigned it to one Johnson, who assigned the same to Edwards. He charges notice upon Johnson and Edwards, and prays an injunction against the judgment at law.
*539 Johnson and Edwards answer the bill, denying the allegations, and requiring proof; and, upon the hearing, the Circuit Court dissolved the injunction, and dismissed the bill; and the complainant has appealed to this Court.
The facts charged in the bill are substantially made out in proof.
If it were conceded.that chancery would not relieve against a mere voluntary bond, upon the ground only of its being voluntary, we cannot doubt that relief should be afforded in this case.
The note was executed for a particular purpose; that purpose was answered;: the note lifted, and, by the express agreement of the parties, was to be no longer obligatory; it was still the promissor’s note in form, but it was satisfied and paid off to Taylor, the assignee, by Daniel Frazer, who, as an inducement to its execution, had promised to take it up; and it would have been cancelled, but for his fraudulent assertion that it was destroyed.
Could it be doubted, under those circumstances of misrepresentation, and fraud, that a Chancellor would afford relief against Daniel Frazer, if he was now the holder of the note or judgment? If so, it is not clear that his assignees, even without notice, under the saving in our statute regulating, assignments, would stand on. better ground. They take the note subject to all the equity against it, in the hands of the assignor. If an. available equity existed against him, at the time of the assignment, in favor, of the promissor, it passes into the hands of the assignee subject to the same, unless he has done something to forfeit his equity, or create in them a paramount and superior equity. It seems to us that he has done neither, in this case. The note remained outstanding, without his fault, and against his will, and efforts to procure its cancelment, after it had performed the office for which it was made. And it would seem that he is no more chargeable with forfeiting or waiving his equity in such a case, than he would be chargeable with forfeiting or waiving his equity when his note has been paid off and not lifted, or when its consideration *540 has failed, and it is not taken in or extinguished. He has not induced the assignee to purchase it, by holding out delusive promises to him, of payment. It was his duty to inquire into the validity of the note, knowing, as he ought to have known, that the same equitable objections could be raised against it in his hands, that could be raised against it in the hands of the promisee.
But if there be doubts on this subject, it is pretty clearly made out that both Edwards and Johnson were apprised of the true condition of the note before it was assigned to either. At least they were apprised of enough to put them upon inquiry. It was their duty, therefore, before they expended their money in its purchase, to ascertain from the promissor whether there was any outstanding equity against the note.
The decree of the Circuit Court is reversed, and cause remanded, that the injunction may be perpetuated, with costs; and the appellant is entitled to his costs in this Court.